## No. 805

### GREENBLAT v. STERLING & WELCH CO.

Ohio Appeals, 8th Dist., Cuyahoga County

No. 5268. Decided Oct. 13, 1924

475. ESTOPPEL—Where creditors under an agreement that was not binding, signed by all of them, took possession of property and cellected rent which they turned over to a receiver for their benefit, they are estopped to deny the validity of the creditors' agreement.

PER CURIAM.

#### Epitomized Opinion

##### Published Only in Ohio Law Abstract

Original action on an account in the Municipal Court of Cleveland, wherein the Sterling & Welch Co. was plaintiff and Louis Greenblatt and his creditors had entered into a written agreement whereby Greenblatt was to transfer his real property to one Lund, trustee, to be managed by a committee of the creditors and to be sold by them and the proceeds divided pro rata among the creditors. The agreement provided that the creditors were to accept this arrangement in full discharge of their claim, and it also provided that the agreement should become binding only in the event that is was executed by all of the creditors. Greenblatt did transfer the property to Lund, who collected $1,500 in rent from the property. Thereafter a receiver was appointed to take charge of the property in a foreclosure action that had been started previous to the creditors' agreement. Lund delivered the property and the $1,500 to the receiver. One of Greenblatt's creditors had failed to sign the creditors' agreement. The plaintiff in this action contended that because of the failure of all of the creditors to sign it was not bound by the agreement. Greenblatt contended that the action of Lund in accepting the property and rent constituted a waiver and estoppel binding on plaintiff. Judgment being rendered for plaintiff, Greenblatt prosecuted error. Held:

If the creditors were not bound by the agreement, then Lund in taking and managing the property was acting as trustee for Greenblatt and if that was so, he had no right to turn the $1,500 over to the receiver, since that money belonged to Greenblatt. The only theory on which Lund could have turned over the money to the receiver was that Greenblatt had no interest in it, and the proceeds of the property belonged to all the creditors jointly. The creditors cannot retain the benefits of the agreement, and at the same time repudiate the agreement. The contention of waiver and estoppel was clearly established. Judgment of the Municipal Court reversed, and judgment entered for Greenblatt.

Attorneys—White, Hammond, Brewer & Curtiss, for Greenblatt; Simmons, DeWitt & Vilas, for the Sterling & Welch Co.; all of Cleveland.

---

## No. 806

### GALLAGHER v. GALLAGHER

Ohio Appeals, 8th Dist., Cuyahoga County
No. 5147. Decided June 23, 1924

1271. WILLS—There is a presupmtion against intestacy—The four corners of a will must be construed to determine the intent of the testator.

VICKERY, J.

#### Epitomized Opinion

##### Published Only in Ohio Law Abstract

Original action in partition brought in the Cuyahoga. Common Pleas. A construction of the will of Farrel Gallagher was necessary to determine who were to be the distributees of the fund realized on the sale of the property on partition. The will left a lot and two houses to the wife of Gallagher for life and provided that if the property was sold by the wife during her lifetime, the proceeds, after her death, should go to the six minor children who were named. The provisions of the will were such that if the wife failed to sell the property, an intestacy would be created after her death. The case came on appeal to the Court of Appeals, which held:

When a man makes a will there is a presumption against intestacy. In case there were an intestacy after the death of the wife, all the children would inherit equally. The whole will must be construed to get at the manifest intention of the testator. It is the opinion of this court that the testator meant to disinherit the four eldest children, and that it was his intention to leave the property for the minor children whether it was sold or kept intact by the mother. Decree accordingly.

Attorneys—P. J. Mulligan, for plaintiff; Baker, Hostetler & Sidlo, for defendant; all of Cleveland.